DAVID HARRISON *v.* STATE OF INDIANA.

[No. 771S205. Filed April 19, 1972. Rehearing denied June 7, 1972.]

*Palmer K. Ward,* of Indianapolis, for appellant.

*Theodore L. Sendak,* Attorney General, *Michael Schaefer,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by indictment in two counts: Count 1. Possession of heroin and Count 2. Possession of marijuana. Trial by court resulted in a finding of guilty on both counts. However, the court only sentenced appellant on Count 1. He was sentenced to the Indiana State Prison for not less than two nor more than ten years.

The record reveals the following facts:

Appellant was under parole supervision from December 23, 1968, until his arrest on the instant charge. On December 3, 1969, a parole warrant was issued for appellant's arrest for the stated reason that he had absconded supervision and could not be found by his parole officer. Authorities learned the whereabouts of appellant on August 3, 1970. The next day officers arrived at appellant's place of lodging to arrest him on the parole violation warrant. At the time the officers took the appellant into custody they noticed a "cooker" sitting in plain view on top of a dresser. A further search revealed a weapon, marijuana, heroin and a syringe.

Prior to the trial appellant moved to suppress all evidence seized at the time of his arrest on the ground that the search conducted by the officers was illegal. Following a hearing on this motion, it was overruled. At the time of the trial the objects found in the search were offered in evidence by the state. At that time the trial judge asked counsel for appellant if there was any objection. Counsel for appellant first viewed the objects and conducted the following preliminary examination:

"Q. Officer Robertson, at the time you were in the bedroom, you observed this item that you've labeled a cooker. Was it sitting as it is now?
A. Yes.
Q. On the table?
A. Yes, it was sitting in the upright position.
Q. And how can you tell that from any other bottle cap? Without looking at the bottom?
A. Well, I don't have to look at the bottom, sir. It's black on the sides.
Q. And you could observe that black?
A. Yes, sir.
Q. Now, the packet, this portion I think here, that I'm pointing to, that is allegedly marijuana, is that right?
A. Yes.
Q. And it was, was it, at that time, in that tinfoil packet? The aluminum foil packet?
A. Yes, in the dresser.
Q. It was already in that packet?
A. Yes, it was.
Q. Now, you say this syringe here was located where?
A. In the kitchen, behind the stove.
Q. Behind the stove. Where behind the stove?
A. Just directly behind the stove.
Q. At what level?
A. On the floor.
Q. On the floor?
A. Yes."

He then stated, "All right, Your Honor, I believe we have no objection.

It is appellant's contention that the search and seizure were illegal and that the trial court erred in failing to sustain the motion to suppress.

We do not pass on the question as to whether or not the motion to suppress was properly overruled for even if we assume for the sake of argument that the motion to suppress was erroneously overruled, that question was waived by appellant when counsel for the appellant expressly stated that he had no objection to the admission of the questioned objects into evidence. This Court has repeatedly stated that failure to object at trial constitutes a waiver as to the admissibility of evidence, and that no issue is preserved for appeal. *Langley* v. *State* (1971), 256 Ind. 199, 267 N. E. 2d 538, 25 Ind. Dec. 118; *Smith* v. *State* (1971), 256 Ind. 603, 271 N. E. 2d 133, 26 Ind. Dec. 275; *Thomas* v. *State* (1971), 256 Ind. 309, 268 N. E. 2d 609, 25 Ind. Dec. 321. An Indiana Appellate Court decision dealing with this precise question stated that if on trial a defendant does not object to evidence obtained by an illegal search warrant he cannot complain of the action of the trial court in overruling his motion to suppress. *Worrell* v. *State* (1930), 91 Ind. App. 259, 171 N. E. 208. Other jurisdictions have taken this same approach. See *50 A. L. R. 2d 531, 591*. In Maryland the court was faced with an almost identical factual situation as the case at bar. There counsel not only failed to object to the introduction of evidence which he had previously moved to suppress, but also stated that he had no objections. The Court of Appeals of Maryland stated:

"We hold that appellant's express waiver of objection to the admission of the evidence now in question was tantamount to a withdrawal of his previous motion to suppress, and that consequently the issue of admissibility is not now before us. To hold otherwise would be to say that a defendant could not change his mind and affirmatively consent

to the admission of the evidence at trial. It is settled law that when an accused is present in court and represented by competent counsel, he is bound by the actions and concessions of counsel, and that even constitutional rights may be waived in the course of a trial. *Martelly* v. *State* (1963), 230 Md. 341, 347-8, 187 A. 2d 105."

The appellant cannot on the one hand state at trial that he has no objection to the admission of evidence and thereafter in this Court claim such admission to be erroneous.

The trial court is, therefore, affirmed.

Arterburn, C. J., and DeBruler, Hunter and Prentice, JJ., concur.

NOTE.—Reported in 281 N. E. 2d 98.