JAMES R. HOLES *v.* STATE OF INDIANA

[No. 3-1275A288. Filed December 8, 1977.]

*Alban L. Smith*, of Michigan City, for appellant.

*Theodore L. Sendak*, Attorney General, *David L. Steiner*, Deputy Attorney General, for appellee.

GARRARD, J.— Appellant, James R. Holes, appeals a conviction for robbery.

He first contends that he was denied the right to effective assistance of counsel. The claim is premised upon the fact that his counsel at trial was appointed only four days before trial. Because of this short time frame and the seriousness of the offense we must carefully scrutinize the claim.

The record discloses that Holes was charged August 14, 1974, and secured counsel who appeared formally on August 23rd. On December 20th this attorney withdrew from the case for reasons not chargeable to Holes. Another attorney appeared and trial was set for February 24, 1975. On January 31, 1975, the second attorney withdrew, and on February 7th Holes moved for a continuance to obtain counsel. The court granted the motion, reset trial for May 19, 1975 and cautioned Holes to promptly secure counsel because the court would expect to adhere to the trial

date. On May 15, 1975, Holes requested pauper counsel, and trial counsel was appointed.

Although the evidence thus supports the inference that Holes did not use reasonable diligence in seasonably securing counsel, his right to effective assistance of counsel is not to be lightly discarded. There are, however, other pertinent circumstances which bear upon the determination.

When trial counsel was appointed, the prosecuting attorney permitted him to examine the entire state's file. Included were four depositions apparently taken by one of Holes' earlier attorneys. Moreover, the entire case for the state consisted of three witnesses: the victim who described the commission of the offense and identified Holes; the police officer who stopped Holes' truck as fitting the broadcast description of the vehicle involved in the robbery; and the police detective who traced the ownership and rental of the vehicle (not to Holes) and described traffic routes in the area of the crime.

Before refusing the continuance the court conducted a hearing. Neither at that hearing nor in appellant's argument on appeal is there a single specific suggestion of any checking, investigation, etc. that either appellant or his counsel felt there had been inadequate time to complete. Nor was there a suggestion of the potential for any special defense.

Viewing these matters together with Holes' lack of action after the continuance of February 7th was granted, we are not persuaded that he has demonstrated he was denied effective assistance of counsel. *See, United States v. Blassick* (C.A. 7, 1970), 422 F.2d 652, *cert. den.* 402 U.S. 985; *Cade v. State* (1976), 264 Ind. 547, 348 N.E.2d 394.

In addition, Holes asserts the court erred in refusing to suppress a hat and bullets that were found in the truck.

When the hat was offered in evidence counsel first objected that a proper chain of custody had not been established. Then he stated, ". . . we will go ahead and allow the hat to go in anyway." Similarly when the bullets were offered, counsel volunteered, "I

have no objection, your honor."

We consider these statements as affirmative waivers. They distinguish this case from our Supreme Court's recent holding in *Zion v. State* (1977), 266 Ind. 563, 365 N.E.2d 766, that error is preserved on a fully litigated motion to suppress where counsel fails to object when the evidence is offered at trial. Accordingly, no error is presented.

The conviction is therefore affirmed.

Staton, P.J. and Hoffman, J. concur.

NOTE—Reported at 369 N.E.2d 1098.