**Roger D. LAGENOUR, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1179S313.**

Supreme Court of Indiana.

Dec. 31, 1980.

Harriette Bailey Conn, Public Defender, Larry A. Landis, Sp. Asst. Public Defender, Melanie C. Conour, Deputy Public Defender, Indianapolis, for appellant.

Theo. L. Sendak, Atty. Gen., Frank A. Baldwin, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is an appeal from the denial of a petition for post -conviction relief. The appellant was originally convicted of kidnapping and assault and battery with intent to gratify sexual desires, in a trial in 1976 in which evidence of prior sexual offenses was admitted as part of the State's substantive case. Before the trial, defense counsel had made what was styled a motion *in limine* but what was in effect a motion to suppress which was aimed at excluding entirely the prior sexual offenses evidence. The motion was denied and the evidence, testimony of two witnesses who purportedly were victims of appellant, came in.

In the direct appeal, *Lagenour v. State*, (1978) Ind., 376 N.E.2d 475, appellant raised for review, among other things, the admissibility of this evidence, but a divided Court deemed the issue to have been forfeited because of defense counsel's failure to renew his objection when the State introduced the evidence during the course of the trial. The conviction was affirmed.

Appellant then petitioned for post–conviction relief asserting two claims. First, he contended that he had been denied his constitutional right to effective assistance

of counsel because of his trial counsel's failure to preserve for appeal the question of the admissibility of the evidence of prior sexual offenses. Second, he contended that he had been denied due process of law because of the retroactive application by this Court in the direct appeal of a procedural waiver rule which resulted in the forfeiture of the right to appellate review of the admissibility claim.

Following denial of the petition for post conviction relief, appellant filed a motion to correct errors with the trial judge, which was denied, and this appeal followed.

Two issues are presented for review. The first is whether "trial counsel's failure to preserve defendant's right to a fair trial denied [him] the effective representation of counsel to which he is entitled under the Sixth Amendment to the United States Constitution and Art. I, § 13, of the Indiana Constitution." The second raises for the first time the question whether the prosecutor's testimony to the jury regarding other crimes allegedly committed by the defendant is fundamental error requiring reversal.

In reviewing this appeal, we treat the first issue as a challenge to the sufficiency of the evidence supporting the post-conviction trial judge's conclusions that there was no denial of effective assistance of counsel, and a challenge to the conclusion of law that there was no denial of due process.

■ In a proceeding for post-conviction relief, the petitioner has the burden of establishing his case by a preponderance of the evidence. Ind. R.P.C. 1, § 5. In order to prevail on appeal from a denial of his petition, "appellant must satisfy the Court that the evidence as a whole was such that it leads unerringly and unmistakably to a decision in his favor; that is, one opposite to that reached by the trial court." *Sotelo v. State*, (1980) Ind., 408 N.E.2d 1215.

### I.

The first claim has two aspects. One is that the inadequacy of counsel manifested in the failure to object contemporaneously resulted in the admission of irrelevant and prejudicial testimony. The other is that the same inadequacy manifested in the same failure resulted in the loss of a meritorious issue on appeal. Appellant also argues in his reply brief the denial of due process of law in that this Court retroactively applied the procedural waiver rule reaffirmed in *Pointon v. State*, (1978) Ind., 372 N.E.2d 1159, to his case, which was tried before *Pointon*.

Reviewing these related claims in the light outlined above, we must consider first whether the testimony adduced at the hearing on the post-conviction petition leads unerringly to the conclusion that trial counsel was ineffective.

■ At the post-conviction hearing appellant's former trial counsel testified that he was relying upon this Court's opinion in *Lockridge v. State*, (1975) 263 Ind. 678, 338 N.E.2d 275, in passing up the opportunity to make the in-trial objection. In that case, Judge Arterburn, writing for the Court said:

"[W]e do not consider this issue waived because the Appellant presented to the Court prior to trial a motion in limine which, in part, asked that the Appellant's pre-trial statements be excluded. This part of the Appellant's motion was overruled. Objection at trial would have been desirable, but the issue was so thoroughly argued and the Court's ruling was so specific that further objection may be considered fruitless." *Id.* at 278, 279.

The language in *Lockridge* logically supports trial counsel's decision at trial to withhold objecting. He cannot now be faulted for permitting his trial strategy to be guided by it, even though it ultimately turned out in the course of later appellate litigation that this Court would not be bound by it. To fault an attorney for relying on a holding of this Court would be to distort our standard of adequate legal representation. See, e. g., *Crisp v. State*, (1979) Ind., 394 N.E.2d 115, 118.

Trial counsel did move to suppress the prior crimes evidence. He did attempt to persuade the trial judge of the correctness of his position and did obtain a ruling by

the judge upon due consideration. This effort, in and of itself, served the defense interest in exclusion of the evidence in large measure. This is not a case in which counsel sat idly by and permitted the prosecution to introduce questionable evidence without challenge.

■ In sum, the claim of ineffective representation by trial counsel does not provide an avenue to post–conviction relief for appellant. Counsel is presumed to have executed the defense in an effective manner and his efforts are to be considered within the totality of the circumstances surrounding his pre–trial preparation and the actual conduct of the entire trial. *Magley v. State*, (1975) 263 Ind. 618, 335 N.E.2d 811. Assessed in this light counsel's efforts were not shown ineffective in the constitutional sense.

There was no error in the finding of no denial of effective assistance of counsel.

■ We next turn to the claim of denial of due process in the application of the procedural waiver rule reaffirmed in *Pointon, supra*. Although the post–conviction trial judge did not enlarge upon his conclusion that there was no such denial, we do not find error.

■ In the direct appeal of this case, we applied the *Pointon* procedural waiver rule and the issue is *res judicata*.

## II.

Appellant contends that fundamental error occurred when, at the original trial, the prosecuting attorney testified, without any objection by the defense, about the evidence of prior sexual offenses.

According to appellant's brief, the defense called the prosecuting attorney in order to expose the inadequate investigation which was done in this case, and to present evidence that both cases against the defendant involving the two alleged victims of prior sexual offenses were dismissed by the prosecutor. At the conclusion of the testimony, the court inquired as to whether he would like to respond.

The Prosecutor then made the following statement:

"We do have a series of three cases here, ladies and gentlemen. The first case of JEH, as you know, was tried two times. You heard that from her testimony. And you saw her on the stand this morning and she replied as to why her case was dismissed. She could not go through this case again. The case as to DW was dismissed by DW's request after a technical filing and refilings. For the reason we were unable to convict Roger Lagenour on the first JEH case, she felt her case was not as strong as the first one. So she asked that it be dismissed. The difference between those two cases and this case today is that in the interim I found a case which allowed in order to establish motive, intent, a similar scheme, that the other incidents be allowed to be introduced into evidence. So, therefore ladies and gentlemen, the two hung juries did not have benefit of knowing the two other offenses when they made their decision."

Even though this issue was not included in the motion to correct errors or in the brief or direct appeal, or in the petition for post ·conviction relief, appellant invokes this Court's inherent power to take cognizance of errors that result in depriving a defendant of constitutional rights.

■ Appellant argues specifically that in his testimony the prosecutor improperly told the jury that they were not only trying the defendant for the crimes charged, but also for those crimes which he allegedly had committed but for which the prosecutor was unable to obtain a conviction.

We cannot agree with appellant that the narrative quoted above amounted to an evidentiary harpoon destroying appellant's right to a fair trial. Since the jury had already heard JEH and DW testify about the alleged offenses, the prosecutor's narrative only tended to have a cumulative effect.

Appellant further claims that the prosecutor's testimony implied that the jury may

consider "other crimes" testimony as evidence of the defendant's guilt of the crimes charged, and that such an inference is improper. We decline this invitation to review the substantive issue which we deemed forfeited on the direct appeal.

We affirm the decision of the trial court.

GIVAN, C. J., and HUNTER, PRENTICE and PIVARNIK, JJ., concur.