**Berry ALTMEYER, Appellant (Defendant Below),**

v.

**STATE of Indiana, Appellee (Plaintiff Below).**

No. 1–1285A308.

Court of Appeals of Indiana, First District.

Sept. 2, 1986.

Gregory A. Smith, Mary B. Goss, Washington, for appellant.

Linley E. Pearson, Atty. Gen., Theodore E. Hansen, Deputy Atty. Gen., Indianapolis, for appellee.

ROBERTSON, Presiding Judge.

Appellant/defendant Berry Altmeyer (Altmeyer) appeals his convictions of three counts of child molesting and one count of attempted child molesting.

We remand.

The facts pertinent to our preliminary disposition of this appeal are summarized as follows: Altmeyer was charged with the child molesting of his nieces J.M. and D.M., who are sisters, and of A.M., Altmeyer's niece and cousin of J.M. and D.M. The victims were age twelve or under at the time of the offenses in the late summer of 1983.

In October 1984, Charles Perkins, an Indiana State Trooper and Lisa Berry, a caseworker in the county welfare department questioned A.M. about the incidences of sexual abuse, recording her statements on videocassette tape. On the prosecutor's motion and after a hearing, the trial court ruled that although the three victims were competent witnesses, A.M. was unavailable to testify at trial because her participation would be a traumatic experience for her, and that her videotaped statement was admissible in lieu of her testimony. In so ruling, the court stated on the record that it had found the statements bore sufficient indications of reliability. No transcription of A.M.'s videotaped statement appears in the record. After the State presented evidence corroborating the acts of which Altmeyer was charged, including testimony of J.M. and D.M., the jury viewed the videotape. Altmeyer was found guilty on all four counts.

On appeal, Altmeyer raises several points of error. Because we remand, we will address only these issues:

I. Whether A.M. was unavailable to testify at the trial; and

II. Whether the videotape of A.M.'s statements was admissible hearsay under IND. CODE 35–37–4–6 [1].

ISSUE I

■ Altmeyer contends that the statute as it applies to him deprived him of his right to cross-examine A.M.[2]. He argues that I.C. 35–37–4–6 impermissibly expands the meaning of unavailability because it does not require the State to make a good faith effort to produce the child witness where a psychiatrist certifies that testifying at trial would be a traumatic experience for the child. I.C. 35–37–4–6(c)(2)(i). Altmeyer cites *Barber v. Page,* (1968) 390 U.S. 719, 88 S.Ct. 1318, 20 L.Ed.2d 255 for the rule that the State must make a good faith effort to secure the witness's presence at trial before his out-of-court statement may be admitted at trial. In *Barber,* the State had failed to produce a witness who was out of the jurisdiction in a Texas prison. Decisions limiting that duty under certain circumstances likewise involved witnesses who were either out of the country, (*Mancusi v. Stubbs,* (1972) 408 U.S. 204, 92 S.Ct. 2308, 33 L.Ed.2d 293) or whose whereabouts were unknown (*Ohio v. Roberts, supra* ).

**1.** 35–37–4–6(a) This section applies to criminal actions for the following:
(1) Child molesting (IC 35–42–4–3).
(2) Battery upon a child (IC 35–42–2–1(2)(B).
(3) Kidnapping (IC 35–42–3–2).
(4) Confinement (IC 35–42–3–3).
(5) Rape (IC 35–42–4–1).
(6) Criminal deviate conduct (IC 35–42–4–2).
(b) A statement or videotape that:
(1) is made by a child who was under ten (10) years of age at the time of the statement or videotape;
(2) concerns an act that is a material element of an offense listed in subsection (a) that was allegedly committed against the child; and
(3) is not otherwise admissible in evidence under statute or court rule;
is admissible in evidence in a criminal action for an offense listed in subsection (a) if the requirements of subsection (c) are met.
(c) A statement or videotape described in subsection (b) is admissible in evidence in a criminal action listed in subsection (a) if, after notice to the defendant of a hearing and of his right to be present:
(1) the court finds, in a hearing:
(A) conducted outside the presence of the jury; and (B) attended by the child;
that the time, content, and circumstances of the statement or videotape provide sufficient indications of reliability; and
(2) the child:
(A) testifies at the trial; or
(B) is found by the court to be unavailable as a witness because:
(i) a psychiatrist has certified that the child's participation in the trial would be a traumatic experience for the child;
(ii) a physician has certified that the child cannot participate in the trial for medical reasons; or
(iii) the court has determined that the child is incapable of understanding the nature and obligation of an oath.
(d) If a child is unavailable to testify at the trial for a reason listed in subsection (c)(2)(B), a statement or videotape may be admitted in evidence under this section only if there is corroborative evidence of the act that was allegedly committed against the child.
(e) A statement or videotape may not be admitted in evidence under this section unless the prosecuting attorney informs the defendant and the defendant's attorney of:
(1) his intention to introduce the statement or videotape
in evidence; and
(2) the content of the statement or videotape;
within a time that will give the defendant a fair opportunity to prepare a response to the statement or videotape before the trial.

**2.** Altmeyer declares that I.C. 35–37–4–6 is unconstitutional on its face because it denies the defendant his right to confront his accusers. He has failed to persuade us that we decided incorrectly *Hopper v. State,* (1986) Ind.App., 489 N.E.2d 1209 in which we held the child hearsay statute constitutional. In *Hopper,* we determined that I.C. 35–37–4–6 met the requirements of *Ohio v. Roberts,* (1980) 448 U.S. 56, 100 S.Ct. 2531, 65 L.Ed.2d 597 because it provided that the hearsay statement must bear sufficient indications of reliability and that the child declarant must either testify at trial or be found unavailable.

Also, Altmeyer argues that the State must demonstrate a compelling governmental interest and must show that I.C. 35–37–4–6 is the least restrictive alternative available. Altmeyer is correct in asserting that the right to confront accusers is a fundamental one; however, the Supreme Court has repeatedly held that fundamental guarantees are to be enforced against the State under the 14th amendment according to the same standards that protect those rights against federal encroachment. *Pointer v. Texas,* (1965) 380 U.S. 400, 406, 85 S.Ct. 1065, 1069, 13 L.Ed.2d 923 (right to confront accusers); *Gideon v. Wainwright,* (1963) 372 U.S. 335, 83 S.Ct. 792, 9 L.Ed.2d 799 (right to counsel); *Malloy v. Hogan,* (1964) 378 U.S. 1, 84 S.Ct. 1489, 12 L.Ed.2d 653 (protection from compulsory self-incrimination). Hence, we continue to rely on the standard in *Ohio v. Roberts, supra.*

It appears that where the prosecutor is seeking to prevent a witness from having to testify in court because his participation would be traumatic for him, the requirement that the prosecutor make a good faith effort to produce the witness for trial would be incongruous. Even so, the prosecutor is not relieved from producing a witness merely because he deems it inadvisable that the witness testify. The statute imposes upon the prosecutor the burden of demonstrating that the witness's participation would be a traumatic experience for him.

Moreover, finding a child witness unavailable upon a psychiatrist's certification that the witness would suffer emotional harm is consistent with Ind. Rules Trial Procedure, Rule 32(A), permitting introduction into evidence of a witness's deposition where he is unable to testify because of age, sickness or infirmity. *See also Schoeff v. McIntire*, (1972) 153 Ind.App. 289, 287 N.E.2d 369. (stress and anxiety of testifying could aggravate witness's heart condition).

■ In the instant case, a psychiatrist certified to the court that any participation by A.M. in the trial would be a "severe traumatic experience" for A.M. After hearing the psychiatrist's testimony, the court found A.M. unavailable. We hold that Altmeyer has not shown error with respect to the trial court's determination.

ISSUE II

■ When a hearsay declarant is unavailable, his statement may not be admissible unless it bears adequate indicia of reliability. *Ohio v. Roberts, supra,* 448 U.S. at 66, 100 S.Ct. at 2539. Where the evidence falls within a firmly rooted hearsay exception, its reliability may be inferred. *Id.* If the evidence can not be admitted within a hearsay exception, then it may be admitted only upon a showing of "particularized guarantees of trustworthiness." *Id.*

The trial court held a hearing attended by A.M. at which the court heard the testimony of Perkins, the state trooper who, with Lisa Berry, interviewed A.M. on the videotape. The court also considered transcribed interviews of A.M. conducted prior to the videotaped interview, and offered by Altmeyer to show that A.M.'s videotaped statements were unreliable. Prior to trial, the court ruled that A.M.'s videotaped statement provided sufficient indications of reliability and admitted it into evidence. Altmeyer contends that the court erred in so finding.

On this record, meaningful review is impossible. The record does not show what guarantees of trustworthiness formed the basis for the court's decision to admit the videotape, and the State may not supply in its appellate brief the necessary indicia of reliability. *State v. Spronk,* (1985) S.D. 379 N.W.2d 312; *State v. Thompson,* (1985) S.D. 379 N.W.2d 295.

■ Accordingly, we must remand to the trial court with instructions to enter specific findings of fact and conclusions of law concerning the reliability of the videotaped statement. The trial court may be guided by the factors adopted in other jurisdictions, like those announced in *State v. Parris* [3], (1982) 98 Wash.2d 140, 654 P.2d 77.

The court is cautioned to limit its findings to the circumstances surrounding the giving of the statement, and not to the evidence corroborating the act committed against A.M., since corroborating evidence is an additional requirement under I.C. 35–37–4–6 when the witness is unavailable to testify at trial. *See State v. Ryan,* (1984) 103 Wash.2d 165, 691 P.2d 197.

Remanded with instructions.

RATLIFF and NEAL, JJ., concur.

**3.** Those factors are: 1) whether there is an apparent motive to lie; 2) the general character of the declarant; 3) whether more than one person heard the statements; 4) whether the statements were made spontaneously; and 5) the timing of the declaration and the relationship between the declarant and the witness.