*Williams v. State* (1986), Ind.App., 489 N.E.2d 594, 600 (footnote omitted).

 ---

**Donna WILLIAMS, Appellant**
**(Defendant Below),**

v.

**STATE of Indiana, Appellee**
**(Plaintiff Below).**

**No. 49A02–8802–CR–76.**

Court of Appeals of Indiana,
Second District.

Nov. 29, 1988.

Kenneth T. Roberts, Kevin L. Scionti, Roberts & Bishop, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

SHIELDS, Presiding Judge.

Donna Williams appeals her conviction of battery, a class D felony.[1]

We affirm.

## FACTS

T.P., Williams's six-year-old daughter, received burns on her hands in late Novem-

---

**1.** I.C. 35–42–2–1(2)(B) (Burns Supp.1988).

ber or early December of 1985. She told several people that her mother had burned her with a cigarette to punish her. Williams was charged with battery, a class D felony. On February 4, 1986, a pre-trial hearing was held on the State's petition pursuant to I.C. 35–37–4 6 (Burns Supp. 1988) to introduce T.P.'s out-of-court statements and to determine T.P.'s competency as a witness. The trial court held the out-of-court statements admissible and T.P. competent to testify.

At trial, several witnesses recounted T.P.'s out-of-court statements inculpating Williams. T.P. did not testify.[2] The court found Williams guilty as charged; Williams appeals that judgment.

### ISSUES

Williams asserts two errors on appeal:
1. The trial court's admission of T.P.'s out-of-court statements inculpatory of Williams
   a. without evidence the child was unavailable as required by I.C. 35–37–4–6(c)(2),
   b. without sufficient indicia of the statements' reliability as required by I.C. 35–37–4–6(c)(1), and
   c. without the findings of fact and conclusions of law required by *Altmeyer v. State* (1986), Ind.App., 496 N.E.2d 1328, and
2. Insufficient evidence to sustain her conviction.

### DECISION

#### I.

■ Williams's first argument addresses the adequacy of the pretrial foundation for the admission into evidence of T.P.'s out-of-court statements. She con-

tends that the requirements for their admission set forth by I.C. 35–37–4–6 were not satisfied and, therefore, the statements were inadmissible. The record reveals, however, that timely objections were not made.[3] An objection must be made at the time evidence is offered at trial to preserve any error in its admission or any defect in any preliminary determination as to its admissibility. *Barnett v. State* (1988), Ind., 523 N.E.2d 430, 432 (motion in limine); *Simpson v. State* (1987), Ind., 506 N.E.2d 473, 474 (motion to suppress); *Lagenour v. State* (1978), 268 Ind. 441, 376 N.E.2d 475, 481 (motion to suppress); *Pointon v. State* (1978), 267 Ind. 624, 372 N.E.2d 1159 (motion to suppress). Therefore, by failing to object to T.P.'s out-of-court statements when they were offered at trial, Williams has waived any error.

#### II.

■ Williams also argues the evidence is insufficient to support her conviction. Specifically, she contends the statements made by T.P. "were riddled with inconsistency." Appellant's Brief at 23.

Dr. John Searight testified T.P. told him on December 4, 1985, that Williams had burned her with a cigarette for sleeping with a cat. Sharon Roach testified that, during an interview with T.P. and Williams on December 2, 1985, T.P. initially said she had been burned by accident; later, she said Williams had inflicted the burn. Similarly, Beverly Rifleman testified that on December 3, 1985, T.P. told her she had been burned accidentally, but later that day said Williams was upset with her and told T.P. "she would have to hurt her. Mother burned her with her cigarette." Record at 173. Detective Charles Maxey testified that on December 4, 1985, and again on

---

**2.** T.P.'s statements inculpating Williams are corroborated by evidence describing and depicting the circular burns on T.P.'s hands, one of which was a deep second or possibly third degree burn. There is also evidence Williams told an investigator for Child Protection Services one of the burns was caused when T.P. fell out of a car. At trial, in addition to denying that she burned T.P. Williams, a smoker, denied any knowledge of how the injuries occurred.

**3.** At trial, Dr. John Searight testified without objection that T.P. told him that she had been burned by Williams. Sharon Roach and Beverly Rifleman also testified without objection that T.P. told each of them that she was burned by Williams. Detective Maxey recited T.P.'s accusations, without objection. Finally, the child's father testified without objection that T.P. had told him that she had been burned by Williams.

December 9, 1985, T.P. told him that her burns had been caused by Williams. Finally the child's father testified that T.P. told him on more than one occasion that Williams had burned her as punishment.

Contrary to Williams's assertion, T.P. did not "tell four or five different stories." Appellant's Brief at 25. She told at least five different witnesses that Williams had burned her. It is true that she initially told some of the witnesses that the injury had been accidental. However, the inconsistency in her statements was an issue for the trier of fact to resolve and its resolution is not one which this court will redetermine. Construing the evidence most favorably to the judgment, as is our duty, there is sufficient evidence of probative value to support Williams's conviction. *Alfaro v. State* (1985), Ind., 478 N.E.2d 670, 672.

JUDGMENT AFFIRMED.

NEAL and SULLIVAN, JJ., concur.