**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



**FILED**

Jul 11 2014, 9:58 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT:

**MATTHEW J. McGOVERN**
Anderson, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**GEORGE P. SHERMAN**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

RACXON CRUZE MCDOWELL,      )
                           )
    Appellant-Defendant,      )
                           )
       vs.      )      No. 82A01-1311-CR-492
                           )
STATE OF INDIANA,          )
                           )
    Appellee-Plaintiff.      )

APPEAL FROM THE VANDERBURGH SUPERIOR COURT
The Honorable Robert J. Pigman, Judge
Cause No. 82D02-1206-MR-609

**July 11, 2014**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**MAY, Judge**

Racxon Cruze McDowell appeals his conviction after a jury trial of murder.[1]  He presents multiple issues for our review, which we consolidate and restate as:

1.     Whether the trial court committed fundamental error when it admitted autopsy photographs of the victim and a videotape in which McDowell told an investigator he battered his ex-wife;

2.     Whether the trial court committed fundamental error when it admitted McDowell's testimony regarding McDowell's legal status at the time of the crime and the past incident of domestic violence between McDowell and his ex-wife; and

3.     Whether the trial court abused its discretion when it admitted a picture of a tattoo on McDowell's back.

We affirm.

## FACTS AND PROCEDURAL HISTORY[2]

On June 2, 2012, McDowell and his girlfriend, Rachel Lomax, arrived home after a night of drinking and fought over missing prescription medication.  McDowell slapped Lomax, threw her to the ground multiple times, pinned her to the floor with his knee, and "knocked [her] wind out."  (Tr. at 693.)  McDowell and Lomax stopped fighting and went to

---

[1] Ind. Code § 35-42-1-1.

[2] The record on appeal in this case was prepared pursuant to the Indiana Supreme Court's "Order For the Indiana Court Reporting Pilot Project By Using Professional Transcription Experts On Appeal[,]"effective on November 1, 2012.  *See In re Pilot Project For Expedited Transcripts In the Preparation of the Record and Briefing on Appeal*, 977 N.E.2d 1010 (Ind. 2012).  We are grateful for the ongoing cooperation of the Honorable Robert J. Pigman of Vanderburgh Circuit Court, eScribers, appellate counsel, and the Office of the Indiana Attorney General in the execution of this pilot project.

sleep. McDowell woke up the next morning to find Lomax unresponsive in the bathroom.

McDowell called 911 and when medical personnel arrived, he indicated he tried to wake Lomax by throwing water on her, but had not attempted CPR. After attempting to resuscitate Lomax for thirty-three minutes, medical personnel declared her dead. Officers arrested McDowell. When he arrived at the jail, McDowell told the booking officer, "I loved the bitch. I killed her. I loved the bitch. I killed her." (*Id*. at 617.)

## DISCUSSION AND DECISION

We review allegations of error in the admission of evidence for an abuse of discretion. *Kindred v. State*, 973 N.E.2d 1245, 1252 (Ind. Ct. App. 2012), *trans. denied*. McDowell did not object at trial to most of the evidence about which he now complains on appeal, so he waived those allegations of error, *see id*., and we may not reverse his convictions unless he demonstrates fundamental error. *Id*. Error is fundamental when it is a "blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Id*. (quoting *Kimbrough v. State*, 911 N.E.2d 621, 634 (Ind. Ct. App. 2009)).

1.    Videotaped Testimony and Autopsy Photographs

McDowell argues the trial court committed fundamental error when it admitted a videotape wherein McDowell admitted a domestic violence incident with his ex-wife. He asserts the evidence was not relevant and was more prejudicial than probative because it permitted the jury to make the forbidden inference that his past behavior indicated his guilt of the instant charge. In addition, he contends the trial court committed fundamental error when

3

it admitted autopsy photographs of the victim because the photographs were gruesome and more prejudicial than probative. When the State offered that evidence, McDowell indicated he had no objection.

The law in Indiana long has been that an appellant "cannot on the one hand state at trial that he has no objection to the admission of evidence and thereafter in this Court claim such admission to be erroneous." *Harrison v. State*, 258 Ind. 359, 362, 281 N.E.2d 98, 100 (1972). Our Indiana Supreme Court recently stated:

> [T]he doctrine of fundamental error . . . presupposes the trial judge erred in performing some duty that the law had charged the judge with performing *sua sponte*. Presumably a trial judge is aware of her own *sua sponte* duties. But upon an express declaration of "no objection" a trial judge has no duty to determine which exhibits a party decides, for whatever strategic reasons, to allow into evidence. "[O]nly the interested party himself can really know whether the introduction or exclusion of a particular piece of evidence is in his own best interests." *Winston v. State*, 165 Ind. App. 369, 332 N.E.2d 229, 233 (1975).

*Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013). As *Halliburton* indicates an allegation of fundamental error from the admission of evidence may not be raised on appeal by a party that explicitly declared it had no objection to the admission of such evidence, McDowell cannot now claim fundamental error arose from the admission of the autopsy photographs and the videotape of McDowell admitting involvement in a domestic violence incident with his ex-wife. *See id.*

2.      McDowell's Testimony

McDowell argues the trial court committed fundamental error when it admitted his testimony regarding a domestic violence incident between him and his ex-wife and

4

information about his legal status at the time of the crime because both were character evidence that is impermissible under Ind. Evidence Rule 403. When a party elicits the evidence he challenges on appeal, he invited that error. *Kingery v. State*, 659 N.E.2d 490, 494 (Ind. 1995), *reh'g denied*. Invited errors are not subject to our review. *Id*.

During his direct examination, McDowell admitted the altercation with Lomax was "not the only time [he]'d had a physical altercation with a woman," (Tr. at 688), and he previously had been convicted of domestic violence for battering his ex-wife.[3] McDowell testified he met Lomax at a "halfway house," (Tr. at 663), and he was on "18 months of supervised release[,]" (*id*. at 672), and was "on federal parole." (*Id*. at 687.) As McDowell introduced the evidence he now complains was error, it is not subject to our review. *See Halliburton*, 1 N.E.3d at 678 (court is not required to second-guess party's decision to permit admission of evidence that may be prejudicial to that party).

---

[3] During the State's cross-examination of McDowell, the following exchange occurred:

> [State]: Did you love [ex-wife]?
> [McDowell]: Yes.
> [State]: You beat her, didn't you?
> [McDowell]: We had a fight. I didn't beat her like -- just -- we had a fight.
> [State]: You were convicted of a crime --
> [McDowell]: Right.
> [State]: --for assaulting her.
> [McDowell]: Right.
> [State]: That's no big deal?
> [McDowell]: Oh, yeah, it is.

(Tr. at 711.) The State then asked McDowell, "Or is that what you usually do to the women that you love?" (*Id*.) McDowell answered in the negative, and objected to the question. The trial court sustained the objection and admonished the jury to disregard that comment. As McDowell offered his testimony regarding the incident as part of direct examination, the State was permitted under Rule 404(a)(2)(A) to cross-examine McDowell regarding the same subject.

3.    Admission of Photograph of McDowell's Tattoo

During the testimony of Officer Brent Melton, the State offered into evidence a series of photographs of McDowell taken shortly after the crime. McDowell objected to the admission of only one – a photograph of a tattoo that he claims indicated he was in a gang. The tattoo, which spanned McDowell's entire back, had the words, "LA" and "West Side," with various illustrations inside the letters "LA" including a street sign with the words "Union" and "6th." (State's Exhibit 92.) The tattoo does not contain any obvious indication of gang affiliation, nor did McDowell offer an explanation at trial or on appeal regarding how the tattoo indicated involvement in gang activity. Nonetheless, McDowell argues the tattoo was inadmissible as character evidence under Indiana Evidence Rule 404(b) and more prejudicial than probative under Rule 403. We disagree.

Under Rule 404(b), "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." The photograph was introduced as part of a series of photographs of McDowell's body depicting "injuries or lack of injuries," (Tr. at 240), allegedly inflicted by Lomax at the time of the crime. There was no testimony indicating the tattoo, which was one of many on McDowell's body, was gang-related. Therefore, he has not demonstrated a picture of his back, which had a tattoo on it, was evidence of a "crime, wrong, or other act."

Further, McDowell indicated during opening argument that he and Lomax had been involved in a physical altercation prior to her death, and he asked the jury to consider that

6

altercation in deciding whether McDowell committed murder or involuntary manslaughter. Under Rule 404(b)(2), impermissible character evidence can be introduced for another purpose; in this case, to show the jury any injuries McDowell suffered as part of the altercation with Lomax.

Under Rule 403, a court may exclude relevant evidence if it is more prejudicial than probative. In the instant case, McDowell has not demonstrated prejudice and a photograph of McDowell's back was probative in the State's presentation of injuries, or lack thereof, McDowell suffered during his altercation with Lomax.

### CONCLUSION

Because McDowell indicated he had no objection to the admission of the videotape of his interrogation, during which he admitted battering his ex-wife, and to the admission of the autopsy photographs, he cannot demonstrate fundamental error. Nor can fundamental error have occurred when McDowell himself testified on direct examination about his legal status at the time of the crime and about the past incident of domestic violence with his ex-wife. Finally, the trial court did not abuse its discretion when it admitted a picture depicting the tattoo on McDowell's back because, even if the tattoo reflected his past commission of a "wrong," the evidence was admissible for another valid purpose and was not prejudicial. Accordingly, we affirm.

Affirmed.

KIRSCH, J., and BRADFORD, J., concur.

7