# MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 22 2020, 1:15 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Timothy J. O'Connor
O'Connor & Auersch
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Supervising Deputy Attorney
General
Indianapolis, Indiana

## IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Antonio Woodson,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | October 22, 2020<br><br>Court of Appeals Case No.<br>20A-CR-642<br><br>Appeal from the Marion Superior<br>Court<br><br>The Honorable Shatrese M.<br>Flowers, Judge<br>The Honorable James K. Snyder,<br>Commissioner<br><br>Trial Court Cause No.<br>49G-1905-F5-18396 |

**Bradford, Chief Judge.**

# Case Summary

Antonio Woodson appeals his conviction for Level 5 felony carrying a handgun without a license. Although Woodson specifically stated that he had no objection to admission of the handgun into evidence during trial, he argues on appeal that the trial court abused its discretion by admitting the handgun into evidence. Because we conclude that Woodson has waived the claim for appellate review, we affirm.

# Facts and Procedural History

Just before 4:00 a.m. on May 12, 2019, members of the Indianapolis Metropolitan Police Department were dispatched to an area near the intersection of Franklin Road and 38th Street in Indianapolis after receiving a report that a vehicle had been idling "in the road" for approximately twenty minutes. Tr. Vol. II p. 154. When they arrived, the responding officers approached the vehicle and observed Woodson "passed out behind the wheel." Tr. Vol. II p. 160. Woodson eventually came to, displaying signs of impairment. During their encounter with Woodson, the officers observed "beer bottles on the passenger side" and a handgun sitting in plain sight on the center console, within Woodson's reach. Tr. Vol. II p. 163. The officers further observed that although disoriented, Woodson "seeme[d] to be getting more agitated by the moment." Tr. Vol. II p. 210. Given concerns for "everybody's safety," the officers removed the handgun, which was loaded. Tr. Vol. II p.

211. Woodson was placed under arrest after the officers learned that he did not have a license for the handgun.

[3] On May 13, 2019, the State charged Woodson with Level 5 felony carrying a handgun without a license. Woodson subsequently moved to suppress the handgun that was recovered from his vehicle. Following a hearing, the trial court denied Woodson's motion to suppress. At trial, the State moved to admit the handgun recovered from Woodson's vehicle into evidence. Woodson initially objected to the admission of the handgun on chain-of-custody grounds. After the State presented additional evidence relating to the chain of custody of the handgun, it again moved to admit the handgun into evidence. On this occasion, Woodson specifically stated that he had "[n]o objection" to the admission of the handgun into evidence. Tr. Vol. II p. 200.

[4] At the conclusion of trial, the jury found Woodson guilty of Class A misdemeanor carrying a handgun without a license. Woodson then pled guilty to having been previously convicted of carrying a handgun without a license. The trial court accepted Woodson's guilty plea, entered a judgment of conviction for Level 5 felony carrying a handgun without a license, and sentenced Woodson to four years of incarceration.

# Discussion and Decision

[5] Woodson contends that the trial court abused its discretion in admitting the handgun into trial. Specifically, he argues that, although the handgun was

within the arresting officers' plain view, the handgun was recovered in violation of the Fourth Amendment because the handgun, by itself, did not have an incriminating nature. For its part, the State contends that Woodson has waived his appellate challenge to the admission of the handgun. Alternatively, the State contends that the trial court did not abuse its discretion in admitting the handgun into evidence.

[6] Woodson acknowledges that he did not object to the admission of the handgun on constitutional grounds at trial. Nonetheless, he argues that appellate review is appropriate and his conviction should be reversed because admission of the handgun resulted in fundamental error. We need not reach the question.

[7] With regards to fundamental error, the Indiana Supreme Court has held as follows:

> "Failure to object at trial waives the issue for review unless fundamental error occurred." *Treadway v. State*, 924 N.E.2d 621, 633 (Ind. 2010). The fundamental error doctrine is an exception to the general rule that the failure to object at trial constitutes procedural default precluding consideration of the issue on appeal. *See Benson v. State*, 762 N.E.2d 748, 755 (Ind. 2002). We have elaborated on the underlying rationale for this exception:
>
>> There are very strong reasons to require objections at trial to preserve error. Important among them is that the trial court can often correct an error if it is called to the court's attention. This can result in enormous savings in time, effort and expense to the parties and the court, including avoiding an appeal and retrial. Moreover, if matters can be heard on appeal despite failure to object at trial, parties detecting such an

> error may be encouraged to take their chances on the
> result in the trial court despite the error, secure in the
> knowledge that a retrial is available. Despite these
> considerations, the doctrine of fundamental error has
> been invoked to ensure failure to object where
> appellate courts have found an error to be sufficiently
> egregious.
>
> *State v. Daniels*, 680 N.E.2d 829, 835 (Ind. 1997). Hence, "[t]he
> 'fundamental error' exception is extremely narrow, and applies
> only when the error constitutes a blatant violation of basic
> principles, the harm or potential for harm is substantial, and the
> resulting error denies the defendant fundamental due process."
> *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006). "The error
> claimed must either make a fair trial impossible or constitute
> clearly blatant violations of basic and elementary principles of
> due process." *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010)
> (internal quotation omitted). "This exception is available only in
> egregious circumstances." *Id.* (internal quotation omitted).

*Halliburton v. State*, 1 N.E.3d 670, 678 (Ind. 2013).

[8] In *Halliburton*, the Indiana Supreme Court was faced with the question of whether one may claim fundamental error with regards to the admission of evidence after expressly stating that he had "no objection" to said evidence. *See id.* at 678–79. Concluding that one could not, the Indiana Supreme Court held that

> "[t]he appellant cannot on the one hand state at trial that he has
> no objection to the admission of evidence and thereafter in this
> Court claim such admission to be erroneous." *Harrison v. State*,
> 258 Ind. 359, 281 N.E.2d 98, 100 (1972). Further, the doctrine of
> fundamental error is inapplicable to the circumstances presented
> here. The doctrine presupposes the trial judge erred in

performing some duty that the law had charged the judge with performing *sua sponte*. Presumably a trial judge is aware of her own *sua sponte* duties. But upon an express declaration of "no objection" a trial judge has no duty to determine which exhibits a party decides, for whatever strategic reasons, to allow into evidence. "[O]nly the interested party himself can really know whether the introduction or exclusion of a particular piece of evidence is in his own best interests." *Winston v. State*, 165 Ind. App. 369, 332 N.E.2d 229, 233 (1975).

*Id.* at 679; *see also Taylor v. State*, 86 N.E.3d 157, 161 (Ind. 2017) ("[W]e will not review claims, even for fundamental error, when appellants expressly declare at trial that they have no objection.").

[9] In this case, not only did Woodson not object to the admission of the handgun on constitutional grounds, his counsel specifically stated that the defense had "[n]o objection" to the admission of the handgun. Tr. Vol. II p. 200. As such, Woodson cannot now claim that the admission of the handgun into evidence amounted to fundamental error. *See Halliburton*, 1 N.E.3d at 679; *Taylor*, 86 N.E.3d at 161. Woodson has therefore waived his claim for appellate review.

[10] The judgment of the trial court is affirmed.

Najam, J., and Mathias, J., concur.