John Henry EADS, Defendant–Appellant,

v.

STATE of Indiana, Plaintiff–Appellee.

No. 89S00–9511–CR–1253.

Supreme Court of Indiana.

March 26, 1997.

David Puterbaugh, Centerville, for defendant–appellant.

Pamela Carter, Attorney General, Randi F. Elfenbaum, Deputy Attorney General, Indianapolis, for plaintiff–appellee.

DICKSON, Justice.

The defendant, John Henry Eads, appeals his conviction for the murder of Leslie Klein. Because of the fifty-six year sentence imposed, this Court has jurisdiction of this appeal. Ind. Appellate Rule 4(A)(7). He presents two claims for our consideration: (1) that the trial court abused its discretion in denying a motion for change of venue; and (2) that the evidence was insufficient to prove that the defendant knowingly killed the victim. We affirm the judgment of the trial court.

The facts most favorable to the judgment establish that the defendant and Klein, co-workers at a local factory, began living together in July of 1992 in Klein's home with her two children (ages thirteen and eight). After living together for over a year, sometime in late September or early October of 1993, Klein told the defendant that he had to stop drinking or else move out. On the morning of October 25, after the children left for school, the defendant loaded a .22 caliber rifle, fired it in the kitchen, and then entered the bedroom where Klein was located. He fired the gun twice, both shots striking Klein in the head within two and a half inches from each other.

After the shooting, the defendant threw away the shell casings and began to drink heavily. When the children returned home from school and saw their mother on the bed in the bedroom, the defendant explained that their mother was disguising herself in order to scare them for Halloween. Later that night, as he continued to drink, the defendant told the children that he and their mother were sick and would not be going to work. The next morning, after the children left for school, the defendant left in Klein's vehicle, going first to Kentucky, then Georgia, Texas, and Tennessee. He left the vehicle in Tennessee and began to hitchhike, winding up in Colorado Springs where he was taken into custody by the police.

■ The defendant claims that the jurors were exposed to pretrial publicity in Wayne County which contained inflammatory and misleading statements, necessitating a change of venue. After voir dire, the trial court denied the defendant's motion for change of venue and proceeded to trial. The decision to grant or deny a change of venue will only be reviewed for an abuse of discretion. *Bellmore v. State*, 602 N.E.2d 111, 116 (Ind.1992). The defendant must show: (1) prejudicial pretrial publicity; and (2) the inability of the jurors to render an impartial verdict. *Id.* We may examine the jury voir dire in reviewing such a claim. *Id.*

■ Of the jurors who actually decided the case, nine of them expressed during voir dire that they had formed no opinion based on their prior media exposure or lack thereof. Of the remaining three jurors, two expressed that they had formed an opinion early on but stated that they would be able to set aside that opinion and decide the case based on the evidence produced at trial. The last juror originally stated that it would be difficult to set aside his opinion but, after extensive discussion with the attorneys and the judge, stated that he could be impartial. Thus the trial court did not abuse its discretion in finding that the defendant failed to establish that the jurors were unable to render an impartial verdict and in denying the motion for change of venue.

■ The defendant's second contention is that the evidence was insufficient to prove that he knowingly killed the victim. The defendant's defense at trial is that the gun accidentally went off twice, shooting the victim in the head. An appellate claim of insuf-

ficient evidence will prevail if, considering the probative evidence and reasonable inferences that support the judgment, and without weighing evidence or assessing witness credibility, we conclude that no reasonable trier of fact could find the defendant guilty beyond a reasonable doubt. *Case v. State,* 458 N.E.2d 223, 226 (Ind.1984); *Loyd v. State,* 272 Ind. 404, 407, 398 N.E.2d 1260, 1264 (1980), *cert. denied,* 449 U.S. 881, 101 S.Ct. 231, 66 L.Ed.2d 105.

Here there was sufficient evidence to infer that the defendant knowingly shot the victim. The intentional use of a deadly weapon in a manner likely to cause death or serious bodily injury is sufficient to infer intent. *Light v. State,* 547 N.E.2d 1073, 1082 (Ind.1989). A firearms expert testified at trial that the close spacing of the wounds was inconsistent with an accident because, "if you're talking about two rounds practically hitting the same area, that would require some marksmanship or some aiming by the weapon." Record at 1425. We find that the jury could reasonably have found beyond a reasonable doubt that the defendant knowingly killed the victim.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY and BOEHM, JJ., concur.