Curtis Lashun **JONES**, Appellant
(Defendant Below),

v.

**STATE** of Indiana, Appellee
(Plaintiff Below).

No. 02S00–9704–CR–247.

Supreme Court of Indiana.

Dec. 17, 1997.

---

Mark A. Thoma, Deputy Public Defender, Fort Wayne, for Appellant.

Jeffrey A. Modisett, Attorney General, Katherine L. Modesitt, Deputy Attorney General, Indianapolis, for Appellee.

SHEPARD, Chief Justice.

A jury found Curtis Lashun Jones guilty of murder,[1] and not guilty of attempted murder.[2] The trial court found aggravating circumstances and sentenced him to sixty-five years in prison.

In this direct appeal, Jones raises two issues:

1. Whether there was sufficient evidence of intent to support the conviction for murder; and

2. Whether the verdicts of not guilty on the attempted murder charge and guilty on the murder charge are inconsistent and irreconcilable.

---

**1.** Ind.Code Ann. § 35–42–1–1(1) (West Supp. 1997).

**2.** Ind.Code Ann. § 35–41–5–1 (West 1986); § 35–42–1–1(1).

Neither of these claims warrants relief, so we affirm.

### Facts

Shortly before 12:45 a.m. on June 16, 1995, Curtis Jones and his friend Troy Phinezy walked to the home located at 4324 Spatz Avenue in Fort Wayne. Both were carrying firearms: Phinezy a .380 handgun given to him by Jones, and Jones a nine millimeter semiautomatic handgun. Jones walked around to the front of the home while Phinezy remained in the back. Phinezy listened as Jones fired at least four shots in rapid succession into the window and open door of the home, where fifteen to twenty people were socializing. Three of the bullets struck Troy Williams, who bled to death. Another bullet struck Latrail Gamble in the arm, injuring but not killing him. Phinezy and Jones ran away, and the police arrived about fifteen minutes later.

At trial, Jones denied any involvement in the shooting, but both Jones's sister and one of his friends testified that he had told them the day after the shooting that he had fired the shots into the home. Jones, who was a gang member, told his friend that he had fired the shots because he was tired of rival gang members killing his friends.

### I. The Evidence Was Sufficient

■ Jones first claims the State presented no evidence on the element of intent, observing that none of those who testified said Jones had ever declared that he had intended to kill Williams. Additionally, Jones essentially argues that because the evidence apparently was insufficient to prove that he attempted to kill Gamble, it must also have been insufficient to prove that he intentionally killed Williams.

■ In reviewing sufficiency claims, we will affirm the conviction unless we conclude from a review of the evidence that no reasonable trier of fact could have found that the defendant was guilty. In making this evaluation, we will neither re-weigh the evidence nor judge the credibility of witnesses, and will only consider the evidence most favorable to the verdict and any reasonable inferences that can be drawn therefrom.

■ To convict Jones of murder, the prosecution must prove, and the jury must find, that the defendant knowingly or intentionally killed another human being. Ind.Code Ann. § 35–42–1–1(1) (West Supp.1997). When the victim's fatal injuries are inflicted by a deadly weapon, the trier of fact may infer intent to kill from the intentional use of that weapon "in a manner likely to cause death or serious bodily injury." *Eads v. State*, 677 N.E.2d 524, 526 (Ind.1997) (citing *Light v. State*, 547 N.E.2d 1073, 1082 (Ind.1989)). Here, the evidence indicates that Jones fired at least four shots in rapid succession from a nine-millimeter handgun into the open door of a home in which fifteen to twenty people were socializing. It was clearly reasonable for the jury to conclude that Jones used the handgun, undoubtedly a deadly weapon, in a manner likely to cause death or serious injury, and thus that he acted with the requisite intent. Additional proof of intent is not required.

### II. The Verdicts Were Consistent

■ Jones also claims that the jury's verdict on murder cannot stand because it is wholly inconsistent with its finding of not guilty on attempted murder. Because the shots that were fired at both victims all occurred in rapid succession, Jones reasons that if the jury did not find that the defendant intentionally attempted to kill Gamble, then it could not reasonably find that he intentionally killed Williams.

■ When reviewing the consistency of jury verdicts, we will take corrective action only when the verdicts are "extremely contradictory and irreconcilable." *Butler v. State*, 647 N.E.2d 631, 636 (Ind.1995) (quoting *Hoskins v. State*, 563 N.E.2d 571, 577 (Ind.1990)). We will not attempt to interpret the thought process of the jury in arriving at its verdict, and "perfect logical consistency is not required." *Id.*

■ To convict a defendant of attempted murder, the jury must find beyond a reasonable doubt that the defendant, acting with intent to kill the victim, engaged in conduct which constituted a substantial step toward commission of the crime. *Spradlin v. State*, 569 N.E.2d 948, 950 (Ind.1991); Ind.

Code Ann. § 35–41–5–1 (West 1986). Specific intent to kill is required, and a jury's determination that the defendant acted with any lesser degree of culpability requires that it find the defendant not guilty. *See Spradlin,* 569 N.E.2d at 948–50.

To convict a defendant of murder, on the other hand, the jury must find beyond a reasonable doubt that the defendant either intentionally or knowingly killed another human being. Ind.Code Ann. § 35–42–1–1(1) (West Supp.1997). Under Indiana law, "[a] person engages in conduct 'knowingly' if, when he engages in the conduct, he is aware of a high probability that he is doing so." Ind.Code Ann. § 35–41–2–2 (West 1986). Accordingly, even if the jury does not find that the defendant acted with specific intent to kill, it may convict him of murder if it finds that he was aware of a high probability that the victim's death could result from his actions.

In the present case, Jones was charged with both murder and attempted murder based on the shots he fired which killed Williams and injured Gamble. If the jury found that Jones did not act with a specific intent to kill but that he was aware of a high probability that his actions could result in death, it could quite logically find him guilty of murder and not guilty of attempted murder. We thus cannot say that the verdicts are inconsistent.

### III. A Sentencing Problem

 Finally, we note an error of sufficient importance that we address it sua sponte. The trial judge sentenced Jones to sixty-five years for committing murder, apparently applying Indiana Code § 35–50–2–3 as amended by the Act of May 10, 1995, Pub.L. No. 148–1995, § 4, 1995 Ind.Acts 3068, 3069 (increasing the fixed term for one who commits murder from fifty to fifty-five years) (effective July 1, 1995). However, while Jones was sentenced on December 16, 1996, he committed the crime on June 16, 1995. It is a well established rule of our criminal jurisprudence that the law which applies is that law which is in effect at the time the crime is committed. *Smith v. State,* 675 N.E.2d 693, 695 (Ind.1996). On June 16, 1995, the effective version of section 35–50–2–3 was the version promulgated by the Act of March 15, 1994, Pub.L. No. 158–1994, § 5, 1994 Ind.Acts 1849, 1853, which stated that "[a] person who commits murder shall be imprisoned for a fixed term of forty (40) years, with not more than twenty (20) years added for aggravating circumstances...." *See Smith,* 675 N.E.2d at 696. Accordingly, the trial court erred in sentencing Jones to sixty-five years, five years more than was permissible under the sentencing statute effective on the date Jones committed the crime.

### Conclusion

For the reasons set forth above, we affirm the conviction but remand to the trial court with instructions to set the sentence at sixty years.

DICKSON, SULLIVAN, SELBY and BOEHM, JJ., concur.