ATTORNEY FOR APPELLANT ATTORNEY FOR APPELLEE

John B. Milford Jeffery A. Modisett

Deborah S. Burke Attorney General of Indiana

Marion, Indiana

Priscilla J. Fossum

Deputy Attorney General

In The

INDIANA SUPREME COURT

JOHN WHITE. JR., )

Defendant-Appellant, )

) Supreme Court No.

v. ) 27S00-9603-CR-245 

) 

STATE OF INDIANA, )

Plaintiff-Appellee. )

                          ________________________________________________  

APPEAL FROM THE GRANT SUPERIOR COURT

The Honorable Gary L. Thompson, Judge 

Cause No. 27D01-9503-CF-24

                        _________________________________________________

On Direct Appeal

DICKSON, J.

The defendant-appellant, John White, Jr., appeals his conviction for the murder of Brenton Marshall.  In this direct appeal, three claims are presented: (1) the testimony of his former wife should have been excluded under the marital communication privilege; (2) the trial court erroneously denied his motion for change of venue; and (3) the trial court erroneously refused to instruct the jurors that they had a right to submit questions to the witnesses.

Marital Communication Privilege

The defendant asserts that the testimony of his wife should have been excluded because it fell within the marital communication privilege.  Notwithstanding his motion in limine, the State counters that the defendant did not preserve this error for appeal because he did not timely object to the introduction of her testimony at trial.

As a general rule, motions in limine do not preserve errors for appeal; the defendant must reassert his objection at trial contemporaneously with the introduction of the evidence.  
Poulton v. State
, 666 N.E.2d 390, 393 (Ind. 1996); Ind.Trial Rule 46.  This allows the trial court an opportunity to make a final ruling on the matter in the context in which the evidence is introduced.  
Clausen v. State
, 622 N.E.2d 925, 927-28 (Ind. 1993).

While conceding that he asserted no objection to his wife’s testimony at trial, the defendant argues that the lack of a contemporaneous objection should not absolutely waive the issue for appeal, citing 
Lockridge v. State
, 263 Ind. 678, 338 N.E.2d 275 (1975), 
disapproved in
 
Pointon v. State
, 267 Ind. 624, 628, 372 N.E.2d 1159, 1161 (1978).  This Court in 
Lockridge
 held that “[o]bjection at trial would have been desirable, but the issue was so thoroughly argued and the Court’s ruling was so specific that further objection may be considered fruitless” and found the issue sufficiently preserved for appeal.  
Id.
 at 682, 338 N.E.2d at 278-79.  Because the defendant filed a motion in limine and extensive argument followed, he urges that, in this case, the privilege issue was so extensively litigated that objection at trial was fruitless and that the error should therefore be preserved for appeal.

However, this Court has recently reaffirmed our strict adherence to the contemporaneous objection rule, 
Clausen
, 622 N.E.2d at 928, notwithstanding strenuous dissent.  
Id.
 at 928-30 (Dickson, J., dissenting).  We therefore find this issue waived by the failure to contemporaneously object.

Change of Venue

The defendant’s first trial resulted in a hung jury and the trial court declared a mistrial.  Prior to the second trial, the defendant filed a motion for change of venue, which the trial court denied.  The defendant asserts that this denial was erroneous.  We review the trial court’s decision to grant or deny a motion for change of venue for an abuse of discretion.  
Eads v. State
, 677 N.E.2d 524, 525 (Ind. 1997); Ind.Crim.Rule 12(A).  The defendant must show: (1) prejudicial pretrial publicity; and (2) the inability of the jurors to render an impartial verdict.  
Id.
  

The defendant cites much evidence about the pervasive media coverage in Grant County during the first trial and after it was declared a mistrial.  However, the defendant fails to identify any evidence in the record showing the inability of the jurors to render an impartial verdict.  Because the defendant has not demonstrated any resulting juror impairment, we find no error on this issue.

Failure to Instruct the Jury of Its Ability to Submit Questions

Finally, the defendant contends that the trial court erroneously failed to instruct the jurors that they could submit questions to witnesses during the trial.  Indiana Evidence Rule 614(d) states, in relevant part, “A juror may be permitted to propound questions to a witness by submitting them in writing to the judge, who will decide whether to submit the questions to the witness for answer, subject to the objections of the parties, which may be made at the time or at the next available opportunity when the jury is not present.”  The State responds that the defendant has waived this argument because he failed to tender an instruction on that issue.

We first note that Rule 614(d) is permissive and is not mandatory upon the trial court.  Furthermore, questioning by jurors is not among the subjects that trial courts are required to address in preliminary instructions.  Ind.Trial Rule 51(A).  The defendant had an opportunity to present such an instruction to the trial court for consideration.  
Id.
  The failure to tender an instruction waives any potential error in the trial court’s omission of the instruction.  
Sanchez v. State
, 675 N.E.2d 306, 308 (Ind. 1996).  Because the defendant failed to tender an instruction on this issue, the issue is waived.

Conclusion

The judgment of the trial court is affirmed.

SHEPARD, C.J., and SULLIVAN, SELBY, and BOEHM, JJ., concur.