**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



ATTORNEYS FOR APPELLANT:

**STEPHEN T. OWENS**
Public Defender of Indiana

**WILLIAM D. POLANSKY**
Deputy Public Defender
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE:

**GREGORY F. ZOELLER**
Attorney General of Indiana

**KATHERINE MODESITT COOPER**
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| CURTIS L. JONES, | ) | |
| | ) | |
| Appellant-Petitioner, | ) | |
| | ) | |
| vs. | ) | No.  02A03-1303-PC-85 |
| | ) | |
| STATE OF INDIANA, | ) | |
| | ) | |
| Appellee-Respondent. | ) | |

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable John F. Surbeck, Jr., Judge
Cause No. 02D04-9507-CF-318

October 23, 2013

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

In this appeal from a denial of post-conviction relief, appellant-petitioner Curtis L. Jones claims that his appellate counsel was ineffective for failing to argue that his sixty-five-year sentence was manifestly unreasonable. Additionally, Jones argues that the United States Supreme Court's holding in Blakely v. Washington, 542 U.S. 296 (2004), (Blakely), should be applied retroactively, forcing this Court to conclude that it was improper for the trial court to enhance Jones's sentence based on his lack of remorse. Finally, Jones asks this Court to reconsider our Supreme Court's holding in Ryle v. State, 842 N.E.2d 320 (Ind. 2005), that juvenile adjudications fall within the prior convictions exception and do not have to be submitted to the jury before they can be used to enhance a sentence. Finding that these arguments have been directly addressed by the appellate courts of this State against his position, we affirm the judgment of the post-conviction court.

## FACTS

The facts as found on direct appeal are that on June 16, 1995, Jones walked to a home on Spatz Avenue in Fort Wayne and fired at least four shots into the home where fifteen to twenty people were gathered. Jones v. State, 689 N.E.2d 722, 724 (Ind. 1997). Three bullets struck Troy Williams, who died from his injuries. Id. Another bullet struck Latrail Gamble in the arm, but he survived. Id. Jones, who was a gang member, told a friend that he had fired the shots because he was tired of rival gang members killing his friends. Id.

The jury found Jones guilty of murder but not guilty of attempted murder. Id. at 723. At the sentencing hearing, the trial court found Jones's young age to be a mitigating circumstance. Tr. p. 129. In aggravation, the trial court noted Jones's "extensive criminal history," which included juvenile adjudications, "lack of remorse," and what the trial court believed to be "intentionally false testimony given during trial under oath." Id. After concluding that the aggravating circumstances substantially outweighed the mitigating circumstances, the trial court ordered Jones to serve sixty-five years in the Department of Correction, which was ten years above the presumptive term. Id. at 129-130.

Jones appealed raising two issues: (1) whether there was sufficient evidence to sustain the murder conviction, and (2) whether the guilty verdict on murder was inconsistent and irreconcilable with the acquittal on attempted murder. Jones, 689 N.E.2d at 723. Our Supreme Court rejected both claims but sua sponte held that Jones had been sentenced under the wrong statute and, consequently, the trial court had imposed a sentence that was five years longer than what could have been imposed under the correct statute. Id. at 725. The Jones Court remanded with instructions to reduce Jones's sentence to sixty years. Id.

In 1998, Jones filed a pro se petition for post-conviction relief, but counsel later entered an appearance and amended the petition in 2001, 2005, 2006, and 2012. Evidentiary hearings were held on December 1, 2008, and April 27, 2012. The post-conviction court determined that all matters submitted at the 2008 hearing were, by

3

agreement of the parties, to be included in the court's decision, and that the 2012 amendment was to supplement the previous amendments.

On February 19, 2013, Jones was denied post-conviction relief in an order which contained written findings of fact and conclusions of law. Jones had alleged that appellate counsel had been ineffective for not challenging his sentence and that Blakely should be applied retroactively. As to the former argument, the post-conviction court determined that it was unlikely to be successful in light of the "manifestly unreasonable" standard that was in effect at the time Jones sought a direct appeal. Appellant's App. p. 305. Regarding Jones's second argument, the post-conviction court concluded that Gutermuth v State, 868 N.E.2d 427, 434-35 (Ind. 2007), determined that a defendant's case is final for Blakely purposes when the time for filing a direct appeal has expired. Id. at 309. Thus, Blakely could not apply retroactively to Jones's post-conviction case. Id. Jones now appeals the denial of his petition for post-conviction relief.

## DISCUSSION AND DECISION

### I. Standard of Review

Because post-conviction proceedings are civil proceedings, the petitioner bears the burden of establishing grounds for relief by a preponderance of the evidence. Ben-Yisrayl v. State, 738 N.E.2d 253, 258 (Ind. 2000); see also Ind. Post-Conviction Rule 1(5). Because the post-conviction court denied relief, Jones is appealing from a negative judgment and faces the rigorous burden of showing "that the evidence as a whole leads

4

unerringly and unmistakably to a conclusion opposite to that reached by the [post-conviction] court." Weatherford v. State, 619 N.E.2d 915, 917 (Ind. 1993).


## II. Ineffective Assistance of Appellate Counsel

Jones contends that his appellate counsel was ineffective for failing to raise claims that were clearly stronger than the claims his counsel raised on direct appeal. The standard of review for a claim of ineffective assistance of appellate counsel is the same as it is for trial counsel, namely, a petitioner must satisfy the two-pronged test set forth in Strickland v. Washington, 466 U.S. 668 (1984), which requires that: (1) counsel's performance fell below an objective standard of reasonableness; (2) there is a reasonable probability that, but for counsel's errors, the result of the proceeding would have been different. Johnson v. State, 832 N.E.2d 985, 996 (Ind. Ct. App. 2005).

### A. Failure to Argue Sentence was Manifestly Unreasonable

Jones contends that his appellate counsel was ineffective for failing to argue that his sixty-five-year sentence was manifestly unreasonable when it was clearly stronger than the two claims presented. At the outset, we note that when Jones directly appealed, a sentence in a criminal case could not be revised under Indiana Appellate Rule 17(B) unless it was "manifestly unreasonable in light of the nature of the offense and the character of the offender." Bacher v. State, 686 N.E.2d 791, 801 (Ind. 1997) (emphasis added). This was a difficult standard to meet. Reed v. State, 856 N.E.2d 1189, 1198 (Ind. 2006).

Jones fiercely argues that Indiana has abolished inconsistent jury verdicts as a claim of error. While Jones is correct, our Supreme Court did not abolish that claim of error until it decided Beattie v. State, 924 N.E.2d 643 (Ind. 2010), which was thirteen years after Jones's direct appeal. We cannot say that an attorney is ineffective for not predicting future changes in our Supreme Court's jurisprudence. Moreover, if either one of Jones's claims on direct appeal had been successful, the result would have been a reversal of his conviction. By contrast, a challenge that his sentence was manifestly unreasonable would have, at most, resulted in a reduction of his sentence. Consequently this argument fails.

### B. Retroactive Application of Blakely

Jones argues that Blakely should have retroactive application and that, accordingly, he is entitled to be resentenced because the trial court enhanced his sentence based on his lack of remorse, which was not an aggravating circumstance provided in any statute. However, our Supreme Court has already addressed this issue and determined that Blakely does not apply retroactively to post-conviction appeals because such appeals are neither "pending on direct review" nor "not yet final." Gutermuth, 868 N.E.2d at 433, 435. The Gutermuth Court reasoned that this result "recognizes the importance of finality without sacrificing fairness." Id. at 434.

### C. Juvenile Adjudications as Criminal History

Finally, Jones requests that this Court reconsider our Supreme Court's decision in Ryle v. State, 842 N.E.2d 320, 321 (Ind. 2005), which held that juvenile adjudications

fall within the prior conviction exception to the general requirement that any fact used to enhance a sentence be submitted to a jury and proven beyond a reasonable doubt. This Court is bound by the precedent of our Supreme Court. Howard v. State, 672 N.E.2d 944, 948 (Ind. Ct. App. 1996). Consequently, we decline Jones's invitation to reconsider that decision.

The judgment of the post-conviction court is affirmed.

FRIEDLANDER, J., and VAIDIK, J., concur.