## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Dec 31 2015, 8:50 am

CLERK
of the supreme court,
court of appeals and
tax court

| ATTORNEY FOR APPELLANT | ATTORNEYS FOR APPELLEE |
|---|---|
| Leanna Weissmann<br>Lawrenceburg, Indiana | Gregory F. Zoeller<br>Attorney General of Indiana |
| | Richard C. Webster<br>Deputy Attorney General<br>Indianapolis, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Herbert Popp,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff.* | December 31, 2015<br><br>Court of Appeals Case No.<br>69A01-1504-CR-303<br><br>Appeal from the Ripley Circuit Court<br><br>The Honorable Ryan King, Judge<br><br>Cause No. 69C01-1404-FC-18 |

**Riley, Judge.**

## STATEMENT OF THE CASE

Appellant-Defendant, Herbert Popp (Popp), appeals his conviction and sentence for child molesting, a Class C felony, Ind. Code § 35-42-4-3(b) (2013).

We affirm.

## ISSUES

Popp raises two issues on appeal, which we restate as:

(1) Whether the trial court abused its discretion when it allowed the State to introduce evidence of prior bad acts pursuant to Indiana Evidence Rule 404(b)(2) after Popp had opened the door to such evidence; and

(2) Whether his sentence is appropriate in light of the nature of the offense and his character.

## FACTS AND PROCEDURAL HISTORY

On March 1, 2014, twelve-year-old K.B. and L.M. were friends. Popp was married to L.M.'s mother. That day, K.B. went to L.M.'s house to hang out and then stayed for a sleepover. At some point during the day, Popp drove L.M., K.B., and another friend to Dick's Sporting Goods so L.M. could purchase a jacket. Eventually, the girls fell asleep on Popp's bed. K.B. was wearing basketball shorts and a t-shirt.

Around 2:00 a.m., K.B. was awakened by Popp's hand on her vaginal area. Popp did not say anything but rubbed K.B.'s vaginal area in a back and forth

motion over her clothing for less than twenty seconds. Popp coughed a little, and K.B. was unsure whether he was awake. Because K.B. was scared, she awoke L.M., who was in the bed beside her, and told her she was homesick. The girls left the bedroom and went to the living room. After K.B. explained to L.M. what had happened, she asked to use L.M.'s cellphone to call her parents. Although L.M. handed K.B. her cellphone, L.M. claimed not to remember the password. Instead, K.B. used L.M.'s sister's cell phone and K.B.'s father came to pick her up. At home, K.B. told her mother what had happened. A couple of days later, K.B.'s mother informed her husband, who, in turn, reported the incident to the Indiana State Police.

[6] Detective Tracy Rohlfing of the Indiana State Police (Detective Rohlfing) interviewed Popp. During the interview, Popp admitted to drinking that day and crawling into the bed shared by the girls. Popp explained that he "shook" the girls and "told'em to get up []to go to bed." (Transcript p. 153). Popp "thought they was getting ready to get up,[] cause kids sometimes they have a hard time getting up at that time[,]" so he just "crawled in there" while he "knew they were both still" in the bed. (Tr. p. 153). Popp denied fondling or touching K.B.'s shorts. Popp told Detective Rohfling that he "can't see [him]self doing this." (Tr. p. 157).

[7] On April 24, 2014, the State filed an Information, charging Popp with child molesting, a Class C felony. On March 4, 2015, the trial court conducted a jury trial. During the trial, Popp's counsel asked Popp if he could see himself "doing that." (Tr. p. 157). Popp responded, "No, I can't." (Tr. p. 157). The

State then claimed, arguing that Popp's response opened the door to admit evidence that another friend of L.M. had made similar allegations about Popp, *i.e.*, that Popp had touched her vaginal area over her clothing while she was sleeping.[1]  The trial court concurred that Popp's "intent maybe [was] placed into issue as well as lack of mistake or accident." (Tr. p. 160).  At the close of the evidence, the jury returned a guilty verdict.  On April 2, 2015, the trial court sentenced Popp to seven years incarceration.

[8] Popp now appeals.  Additional facts will be provided as necessary.

## DISCUSSION AND DECISION

### I. *Indiana Rule of Evidence 404(b)*

[9] Popp contends that the trial court abused its discretion when it allowed the State to present evidence of a similar occurrence with another girl after the trial court deemed Popp had opened the door for the admission of this evidence.

[10] A trial court has broad discretion in ruling on the admissibility of evidence and, on review, we will disturb its ruling only on a showing of abuse or discretion. *Thompson v. State*, 15 N.E.3d 1097, 1101 (Ind. Ct. App. 2014), *reh'g denied*. When reviewing a decision under an abuse of discretion standard, we will affirm if there is any evidence supporting the decision.  *Id*.  A claim of error in the admission or exclusion of evidence will not prevail on appeal unless a

---

[1] In fact, on the same day the State filed charges against Popp with respect to K.B., the State also filed an Information charging Popp with a Class C felony child molesting with respect to L.M.'s other friend, P.W.

substantial right of the party is affected. Ind. Evidence Rule 103(a). In determining whether error in the introduction of evidence affected a defendant's substantial rights, we assess the probable impact of the evidence on the jury. *Sparkman v. State*, 722 N.E.2d 1259, 1262 (Ind. Ct. App. 2000).

[11] Indiana Evidence Rule 404(b) provides that "[e]vidence of a crime, wrong, or other act is not admissible to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, Indiana Evidence Rule 404(b)(2) allows the introduction of evidence of other crimes and wrongs for purposes other than proving propensity to commit the charged crime, "such as proving motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." To be admissible under this exception, the evidence must be relevant to some matter other than the defendant's propensity to commit crimes and the prejudicial effect of the evidence must not substantially outweigh its probative value pursuant to Indiana Evidence Rule 403. *Thompson*, 15 N.E.3d at 1102.

[12] Initially, we address the State's assertion that Popp waived appellate review of this issue because he failed to contemporaneously object when the evidence was admitted. The record reflects that when Popp testified to the statement which allegedly opened the door, the State objected to alert the trial court that the door had been opened and to request the introduction of the prior bad act evidence. At that time, Popp vigorously objected to the admission of the evidence. Nevertheless, subsequently on cross-examination, when the State actually questioned Popp on the earlier, similar occurrence with another one of L.M.'s

friends, Popp's counsel failed to object. As a general rule, a defendant must assert his objection at trial contemporaneously with the introduction of the evidence. *White v. State*, 687 N.E.2d 178, 178 (Ind. 1997). This allows the trial court an opportunity to make a final ruling on the matter in the context in which the evidence is introduced. *Id.*

[13] In an effort to circumvent waiver of his argument, Popp relies on the fundamental error doctrine. The fundamental error exception is "extremely narrow, and applies only when the error constitutes a blatant violation of basic principles, the harm or potential for harm is substantial, and the resulting error denies the defendant fundamental due process." *Brown v. State*, 929 N.E.2d 204, 207 (Ind. 2010) (citing *Mathews v. State*, 849 N.E.2d 578, 587 (Ind. 2006) (reh'g denied). The error claimed must either "make a fair trial impossible" or constitute "clearly blatant violations of basic and elementary principles of due process. *Brown*, 929 N.E.2d at 207 (citing *Clark v. State*, 915 N.E.2d 126, 131 (Ind. 2009) (reh'g denied). "This exception is available only in egregious circumstances." *Brown*, 929 N.E.2d at 207.

[14] Popp claims that his testimony did not open the door to the State to admit evidence of a prior, similar bad act. Specifically, he asserts that he "merely declared his innocence to the crime in much the same way he'd done throughout the course of the case." (Appellant's Br. p. 11). The record reflects that during testimony, Popp admitted to having told Detective Rohlfing that he "can't see myself doing that [*i.e.*, touching K.B.'s vaginal area]." (Tr. p. 157). Popp's counsel then asked Popp "can you see yourself doing that?" (Tr. p.

157). Popp again responded, "No, I can't." (Tr. p. 157). The State asserts that this statement left the jury with the false impression that Popp "was not the type of man who would intentionally and improperly touch the vaginal area of a 12-year old girl" and thus had opened the door for the admission of prior bad acts. (Appellee's Br. p. 14).

[15] The intent exception under Indiana Evidence Rule 404(b) is available when a defendant goes beyond merely denying the charged culpability and alleges a particular contrary intent, whether in opening statement, by cross-examination of the State's witnesses, or by presentation in the defendant's own case-in-chief. *Wickizer v. State*, 626 N.E.2d 795, 799 (Ind. 1993). The State may respond by offering evidence of prior crimes, wrongs, or acts to the extent genuinely relevant to prove the defendant's intent at the time of the charged offenses. *Id.* The trial court must then determine whether to admit or exclude such evidence depending upon whether "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, or needless presentation of cumulative evidence." Evid. R. 403.

[16] The relevant intent at issue in a Class C felony child molesting is the "intent to arouse or to satisfy the sexual desires of either the child or the older person[.]" *See* I.C.§ 35-42-4-3(b) (2013). Popp's statement that he could not see himself touching the vaginal area of a twelve-year-old girl could reasonably leave the jury with the impression that Popp professed an intent contrary to the one constituting a crime. Specifically, the jury was left with the impression that he

did not intend to do that, and that his action was merely a mistake or an accident. This goes beyond merely asserting his innocence and squarely places the absence of intent in front of the jury.

[17] With respect to the balancing required under Evidence Rule 403, we determine that the probative value of the evidence outweighs its prejudicial effect. Here, the probative value of the prior bad act arises from the inference that because Popp committed a similar act in close proximity to the charged offense, his claim of absence of intent or accident in the present instance is less likely than it otherwise would be. *See* Evid. Rule 403. Thus, the prior bad act evidence is not being used to prove the forbidden inference, *i.e.*, that Popp committed the current act of molestation, but rather to disprove his claim of accident or lack of intent. Accordingly, the admission of the prior bad act is not unduly prejudicial. Therefore, as the trial court properly admitted the evidence, no error, let alone a fundamental error, occurred.

## II. *Sentence*

[18] Popp contends that the seven year sentence imposed by the trial court is "inappropriate in light of the nature of the offense and character of the offender." Ind. Appellate Rule 7(B). Under Appellate Rule 7(B), we may "revise a sentence authorized by statute if, after due consideration of the trial court's decision, the [c]ourt finds that the sentence is inappropriate in light of the nature of the offense and the character of the offender." Although we may review and revise a sentence, "[t]he principal role of appellate review should be

to attempt to leaven the outliers, and identify some guiding principles for trial courts and those charged with improvement of the sentencing statutes, but not to achieve a perceived 'correct' result in each case. *Caldwell v. State*, 895 N.E.2d 1219, 1225 (Ind. 2008). We must give "deference to a trial court's sentencing decision, both because Rule 7(B) requires us to give due consideration to that decision and because we understand and recognize the unique perspective a trial court brings to its sentencing decisions." *Trainor v. State*, 950 N.E.2d 352, 355-56 (Ind. Ct. App. 2011), *trans. denied* (quoting *Stewart v. State*, 866 N.E.2d 858, 866 (Ind. Ct. App. 2007)) (internal quotation marks omitted).

[19] When we review the appropriateness of a sentence, we consider "the culpability of the defendant, the severity of the crime, the damage done to others, and myriad other factors that come to light in a given case." *Cardwell*, 895 N.E.2d at 1224. The defendant has the "burden to persuade us that the sentence imposed by the trial court is inappropriate." *Shell v. State*, 927 N.E.2d 413, 422 (Ind. Ct. App. 2010).

[20] The trial court sentenced Popp to seven years on a Class C felony child molesting. The advisory sentence for a Class C felony is four years, with a minimum sentence of two years and a maximum sentence of eight years. *See* I.C. § 35-50-2-6. Accordingly, the trial court sentenced Popp close to the maximum sentence.

[21] With respect to the nature of the crime, our supreme court has previously stated that "crimes against children are particularly contemptible." *Walker v. State*,

747 N.E.2d 536, 538 (Ind. 2001). Here, the charged offense occurred in the middle of the night during a sleepover at a trusted friend's house. Twelve-year-old K.B. spent the day with her friend at her friend's residence, hanging out and shopping. During the night, she was awakened by Popp, her friend's step-father, molesting her, while he was the only adult in the house and K.B. was in his care, custody, and control. At the sentencing hearing, K.B detailed in writing the psychological damage she is still suffering as a result of Popp's crime.

[22] Turning to Popp's character, we note that Popp's criminal history is unrelated to the instant charge. In 1981, he was convicted of attempted criminal conversion, a Class A misdemeanor; a conviction for Class C misdemeanor operating a vehicle with a BAC of .10 or more in 1994; and a conviction for Class A misdemeanor driving while suspended in 1996. Nevertheless, on the same day the State filed an Information for the current charge, it also brought a charge of child molesting with respect to another one of L.M.'s friends. Popp pled guilty to this second charge on May 18, 2015. *See Tunstill v. State*, 568 N.E.2d 539, 545 (Ind. 1991) (criminal charges which are pending at the time of defendant's sentencing hearing may properly be considered as an aggravating circumstance). Mindful of the facts before us, we cannot say that the trial court's sentence is inappropriate. *See* Ind. Appellate rule 7(B).

## CONCLUSION

Based on the foregoing, we hold that the trial court properly admitted the prior bad act evidence pursuant to T.R. 404(b) and Popp's sentence is not inappropriate in light of the nature of the offense and his character.

Affirmed.

Najam, J. and May, J. concur