## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Feb 12 2018, 8:41 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| David L. Joley | Elizabeth A. Bellin |
| Fort Wayne, Indiana | Elkhart, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| D.A., | February 12, 2018 |
| *Appellant-Petitioner/Respondent,* | Court of Appeals Case No. 20A03-1705-PO-966 |
| v. | Appeal from the Elkhart Superior Court |
| D.P., | The Honorable Stephen R. Bowers, Judge The Honorable Dean O. Burton, Magistrate |
| *Appellee-Respondent/Petitioner.*[1] | Trial Court Cause Nos. 20D02-1412-DR-890 20D02-1507-PO-383 |

---

[1] In this consolidated appeal, D.A. was the petitioner in the protective order action and the respondent in the earlier-filed dissolution action, and D.P. was the converse.

**Kirsch, Judge.**

[1] This consolidated appeal[2] stems from two trial court orders, one that dissolved the marriage of D.A. ("Mother") and D.P. ("Father") and another that dismissed Mother's request for an order of protection. Mother raises several issues, which we consolidate and restate as: whether the trial court erred when it denied Mother's verified petition for change of venue from the county.

[2] We affirm.

## Facts and Procedural History

[3] Mother and Father married in April 2007, and they had one child ("Child") together, born in 2008. On December 31, 2014, Father filed a Petition for Dissolution of Marriage in Elkhart Superior Court #2 ("Elkhart Superior #2") under cause number 20D02-1412-DR-890 ("Cause 890"). *Appellant's App. Vol. II* at 3. The Honorable Stephen R. Bowers ("Judge Bowers") was and is the presiding judge in Elkhart Superior #2, which is located in Elkhart, Indiana. At the time of the dissolution filing, Father was employed as a Deputy Prosecuting Attorney for Elkhart County and was at all relevant times assigned to cases out of Elkhart Circuit Court, located in Goshen, Indiana.

---

[2] In July 2017, this court issued an order granting D.A.'s request to consolidate related appeals, Appellate Case Number 20A04-1705-DR-971 with Appellate Case Number 20A03-1705-PO-966, and directing that all further filings be made under PO-966.

[4]     During the early pendency of the dissolution proceedings, the parties filed agreed provisional orders concerning custody and visitation. Mother later sought and obtained modification of the provisional orders, alleging that Father had committed child abuse, physical and sexual in nature, on Child, and mother asked for restricted visitation, psychological assessments, and appointment of a guardian ad litem. The trial court appointed a guardian ad litem and ordered the parties to mediation. In May 2015, the Indiana Department of Child Services ("DCS") filed a petition in Elkhart Circuit Court alleging that Child was a Child in Need of Services ("CHINS"), related to allegations of sexual abuse by Father against Child and allegations against Mother of neglect for failing to protect Child from the abuse. The CHINS action was removed from Elkhart Circuit Court and transferred to Marshall County on June 3, 2015 in cause number 50C01-1506-JC-24.[3] *Id*. at 21. Initially, DCS substantiated the allegations; however, after a psychosexual assessment by court-appointed Dr. Anthony Berandi ("Dr. Berandi"), who opined that he did not believe that Child was sexually abused by Father and that Mother's conduct was alienating Father, and after an administrative appeal filed by Father, DCS "unsubstantiated" the sexual abuse allegations against Father as well as the associated neglect allegations against Mother. *Appellant's Br*. at 25, 26. In early November 2015, Child was removed from Mother's care

---

[3] After an initial CHINS adjudication, the CHINS cause was transferred because the Elkhart Circuit Court, where Father practiced as a deputy prosecutor, has jurisdiction over juvenile matters; the matter was transferred to the Marshall Circuit Court. *Tr. Vol. II* at 9; *Tr. Vol. III* at 25.

and placed in foster care for eight months. In July 2016, DCS filed a Motion to Terminate Jurisdiction in the Marshall Circuit Court due to reunification. *Appellant's App. Vol. II* at 25.

[5] Meanwhile, on July 1, 2015, Mother filed for and received an Ex Parte Order for Protection in Elkhart Superior #2 under cause number 20D02-1507-PO-383 ("Cause 383"), enjoining Father from threatening to commit or committing acts of domestic violence or a sex offense against Mother. *Id.* at 15, 74-75.

[6] On September 9, 2016, Mother filed in the dissolution action a Verified Petition for Change of Venue ("Verified Petition") in Elkhart Superior #2 under Cause 890. *Id.* at 78. Her petition alleged that, due to Father's status as a Deputy Prosecuting Attorney for Elkhart County, Father had an undue influence in the county due to Father's relationships and employer that required a change of venue to another county. In support, Mother's Verified Petition stated, among other things, that on March 2, 2016, she had reported violations of the Cause 383 Protective Order to the Sheriff's Office in LaGrange County, where Mother lived, and that the reported information was not sent to the LaGrange County Prosecutor and, instead, was forwarded to Elkhart County Prosecutor, Curtis T. Hill, Jr. ("Hill"); Mother received a letter from Hill in June 2016 stating that the matter should be addressed in either the pending dissolution proceeding or the pending protective order proceeding, both in Elkhart Superior #2. *Id.* at 78-79, 85.

[7]     A few days later, at a September 12 preliminary hearing, Judge Bowers heard arguments on Mother's Verified Petition. Judge Bowers noted that Indiana Code section 34-35-1-1, governing change of venue from the county, requires a change if Father "has an undue influence over the citizens of the county," and, here, the dissolution matter was a bench trial, "so it's not like you can't get a good jury, you don't get a jury anyway[,]" making the citizens of the county element inapplicable. *Tr. Vol. II* at 7. Counsel for Mother urged that Father's employment with the prosecutor's office and the letter from Hill to Mother illustrated Father's influence in the county. Judge Bowers advised:

> I know that [Father] works for the prosecuting attorney's office. I've had some passing contact with him, but he doesn't practice in my court. He's not someone I have to deal with on a daily basis and so I don't feel that my judgment is in any way compromised by the fact that he works for the prosecuting attorney.

*Id*. As for Hill, Judge Bowers assured, "I can tell you for sure Mr. Hill carries no particular[] weight with me." *Id*. at 8. Judge Bowers concluded that the concerns raised by Mother did not have anything to do with his ability to rule on or handle the dissolution matter and finding that Mother's Verified Petition was not sufficiently supported, the court denied it. *Id*. at 9.

[8]     In October 2016, Judge Bowers assigned the upcoming evidentiary hearings on the dissolution matter to Magistrate Dean O. Burton ("Magistrate Burton"), who is "an appointed Magistrate with the Elkhart Courts." *Appellant's App. Vol. II* at 8; *Appellant's Br*. at 22. No party voiced concern about or objection to the

assignment. The parties proceeded with a bench trial before Magistrate Burton on October 4 through October 6, 2016.

[9] On October 4, 2016, before trial began, Mother's counsel again raised the issue of Mother's request for a change of venue. *Tr. Vol. III* at 22-29. After confirming that the request had already been heard and decided by Judge Bowers, Magistrate Burton advised Mother that he was not in a position to change that ruling, and any motion to correct error would need to be filed with Judge Bowers in Elkhart Superior #2. Counsel for Mother acknowledged that the Verified Petition had already been heard and decided, and he explained that he wanted to present argument only as an offer of proof, to show Father's standing in the community and his influence over the investigation of any violation of the protective order resulted in Mother's inability to receive the same treatment in court as would Father. *Id*. at 24, 26.

[10] The trial commenced, and the dissolution and child custody matters were bifurcated. Magistrate Burton entered findings on the issue of dissolution on October 18, 2016. A judicial election was held in Elkhart County in November 2016, and Father's trial counsel, Michael Christofeno ("Christofeno") won the seat for judge of Elkhart Circuit Court, with his term to begin in January 2017.

[11] Trial resumed December 6 through December 13, 2016, on the remaining issues. After Father completed his testimony on December 6, 2016, Christofeno filed in court a Motion to Withdraw his appearance, which the trial court granted, and Father proceeded with the remainder of the trial as a pro se

litigant. *Tr. Vol. VI* at 47-49. During Mother's testimony, she testified to having been contacted by Father via text message, which she believed violated the existing protective order, and, therefore, she contacted the LaGrange County Sheriff's Office about the alleged violation. Mother's counsel requested and received permission at trial to present Mother's testimony as an offer of proof with regard to her Verified Petition for Change of Venue, and Mother testified to (1) receiving in the mail the letter from Hill and (2) being contacted by the LaGrange County Prosecutor's Office and meeting with a prosecutor and an investigator. *Tr. Vol. XI* at 106-10. The offer of proof was to support Mother's contention that, because of Father's status in the community, she believed she would be unable to get a fair trial in Elkhart County. *Id*. at 112.

[12] Trial lasted through December 13, 2016, and, at the court's request, both parties submitted proposed findings of fact and conclusions of law. On March 29, 2017, Magistrate Burton entered Findings, Recommendations, and Order ("Order"), which among other things ordered as follows: awarded both parties joint legal custody and physical custody of Child, which was consistent with the guardian ad litem's recommendation; ordered that the parties were to share expenses in line with the Child Support Worksheets entered into evidence; ordered that the parties would alternate in claiming the Child as a dependent for tax purposes; denied Father's Motion for Reimbursement for Overpayment of Federal and State Taxes; denied Father's Verified Showing of Non-Compliance against Mother; and denied both parties' request for the opposing parties to pay attorney's fees. *Appellant's App. Vol. II* at 96-127. Magistrate

Burton's Order included a specific section regarding "Wife's Motion for Change of Venue," observing that (1) Judge Bowers originally ruled on and denied the motion, (2) Mother presented an offer of proof, and (3) the evidence offered did not establish under Indiana Code section 34-35-1-1 that a change of venue was warranted. *Id*. at 96-98. Judge Bowers approved the Order on March 31, 2017.

[13]   As to Mother's request for a protective order, Magistrate Burton issued a separate Findings, Recommendations, and Order and determined that (1) Mother failed to prove the existence of domestic or family violence as set forth in her original petition, (2) Father did not present a credible threat to Mother or her family, and (3) an order of protection was not necessary to bring about cession of violence; therefore, Magistrate Burton recommended that the Protective Order Petition be dismissed. *Id.* at 133-34. Judge Bowers approved the recommendation and dismissed Mother's petition for order of protection on March 31, 2017. *Id*. at 135. Mother now appeals.

# Discussion and Decision

[14]   Mother asserts that the trial court erred when it denied her Verified Petition that sought a change of venue from Elkhart County. In her Verified Petition, Mother argued that she was entitled to a change of venue pursuant to Indiana Code section 34-35-1-1, which states, in relevant part:

> The court or the judge shall change the venue of any civil action upon the application of either party, made upon affidavit showing one (1) or more of the following causes:

. . . .

> (3) The opposite party has an undue influence over the citizens of the county, or an odium attaches to the applicant or to the applicant's cause of action or defense, on account of local prejudice.

Ind. Code § 34-35-1-1(3); *Appellant's App. Vol. II* at 77-80.  The decision to grant or deny a change of venue from the county will be reviewed for abuse of discretion.  *Eads v. State*, 677 N.E.2d 524, 525 (Ind. 1997).

[15]   Mother's appeal primarily asserts a due process argument, namely that the trial court violated her state and federal due process rights to a fair trial and to a fair and impartial judge when it denied her motion for a change of venue.  A trial before an impartial judge is an essential element of due process.  *Everling v. State*, 929 N.E.2d 1281, 1287 (Ind. 2010).  Bias and prejudice violate a party's due process right to a fair trial only where there is an undisputed claim or where the judge expressed an opinion of the controversy over which the judge was presiding.  *Id*. at 1288.

[16]   Here, Mother argues that the situation as a whole leads to the conclusion that her due process rights were violated, and she points to several factors in support of her position.  First, she urges that, although she reported a violation of the protective order in LaGrange County, her complaint was not forwarded to the LaGrange County Prosecutor and was, instead, somehow routed to Hill, Father's boss, who then sent a letter to Mother and told her to pursue the matter in Elkhart County, either in the pending dissolution action or the pending

protective order action. Second, Mother points to the circumstances surrounding the DCS CHINS case, where allegations of sexual abuse by Father to Child were, first, substantiated, and then unsubstantiated "based upon a dubious theory," and after the Child was placed in foster care for a period of months, the case was dismissed. *Reply Br.* at 9.

[17] Third, Mother relies heavily on the fact that Father's trial counsel, Christofeno, later became the judge of Elkhart Circuit Court and, in that position, necessarily would be approving or not approving future findings and recommendations of Magistrate Burton, who was a magistrate for all the Elkhart County courts. Mother's theory is as follows: (1) Father's prior attorney, Christofeno, was elected the judge of Elkhart Circuit Court in November 2016, effective January 2017; (2) Magistrate Burton, as a magistrate of all of the Elkhart County courts, would be issuing findings in cases (not this one, but others) that Judge Christofeno ultimately would be approving or not approving; and (3) therefore, Magistrate Burton "would soon be working … as the surrogate and subordinate of" Judge Christofeno, and some impropriety existed by having Magistrate Burton preside in the dissolution and protective order proceedings, where Christofeno had advocated for Father. *Appellant's Br.* at 23. Mother concedes that Magistrate Burton was at all times conscientious, thorough, and fair, but argues that, because Father's trial counsel later became Elkhart Circuit Court judge, and Magistrate Burton would therefore necessarily "be working under" Christofeno, she was denied a fair trial. *Appellant's Br.* at 32. She argues that these several circumstances, taken together, illustrate that her due process rights

were violated to the extent that the case should have been transferred out of Elkhart County. We disagree.

[18] As an initial matter, we recognize Father's suggestion that, prior to her appeal, Mother did not raise any opposition or argument with respect to Magistrate Burton presiding over her trial, and her argument is therefore waived. *Appellee's Br.* at 10. In response, Mother urges that her Verified Petition was based not only on Indiana Code section 34-35-1-1, it "was also based on the Indiana and United States' Due Processes Clauses[,]" and, thus, the issue of a denial of due process, including that Magistrate Burton "ended up working as a magistrate for [Christofeno]" was "solidly before the Court at trial" and was not waived. *Reply Br.* at 4, 7. Assuming without deciding that Mother did not waive her argument with respect to Magistrate Burton, we find no due process violation occurred.

[19] The timeline reflects that Christofeno won the judicial seat in November 2016. The latter portion of the bifurcated dissolution trial took place in December 6 through 13, 2016, and after Christofeno completed his examination of Father, he withdrew as counsel on December 6, 2017. Mother had an opportunity, after the election and before trial, to voice any concerns about Christofeno becoming the judge of Elkhart Circuit Court and any alleged potential conflict with Magistrate Burton stemming from Christofeno's newly-elected position; she did not do so. The last day of trial was December 13, 2016, and, over two weeks later, Christofeno was sworn in as judge of Elkhart Circuit Court on January 1, 2017. The record before us reveals that Mother voiced no objection

to Magistrate Burton presiding over her trial, and she has not alleged, nor do we find, that Magistrate Burton acted in a manner that was biased or that Mother was prejudiced. Mother has failed to show that she was denied a fair trial because Magistrate Burton presided over her trial.

[20] Likewise, we reject Mother's claims that she was denied due process and a fair trial for reasons associated with (1) DCS's reversal of its position concerning CHINS allegations, and (2) the letter from Hill that, Mother claims, shows that Father's boss "intercepted" her complaints alleging violation of the protective order. *Reply Br.* at 5. As to the CHINS matter, DCS initially substantiated allegations, but after receiving a report from court-appointed Dr. Berardi, which opined that Child had not been sexually abused and that Mother's conduct was alienating Child from Father, DCS unsubstantiated the claim. Dr. Berardi testified at trial and was cross-examined by Mother's counsel on his findings and opinions. As to Hill's letter, Mother presented this evidence as an exhibit to her Verified Petition, and she made two subsequent offers of proof about it, testifying that she had contacted LaGrange Sheriff's Office to report that Father had violated an existing protective order, namely Cause 383 issued by Elkhart Superior #2, and that Hill wrote to her about it. Both Judge Bowers and Magistrate Burton found that the letter from Hill, telling Mother to pursue her complaints in the pending protection order action in Elkhart Superior #2 or in the pending dissolution action, did not evidence undue influence or otherwise require a change of venue. We agree and find that Mother has not proven that she was prejudiced or denied a fair trial.

[21] Father urges that Mother's appeal asserts only due process arguments and appears to have abandoned her trial court claim that she was statutorily entitled to a change of venue under Indiana Code chapter 34-35-1 by virtue of Father's role as a deputy prosecuting attorney in Elkhart County and his status and influence in the judicial system associated with that position. *Appellee's Br.* at 13 n.2. Mother responds that she has not abandoned that claim and maintains that she was entitled under the statute to a change in venue. We agree with Father that, primarily, Mother's appellate arguments focus on the position that she was denied a fair trial and due process, but because she does refer to and include argument regarding Indiana Code section 34-35-1-1, *Appellant's Br.* at 30-31, we will address whether the trial court should have granted a change of venue pursuant to that statute.

[22] Under Indiana Code section 34-35-1-1(3), and as is relevant here, the court shall change the venue of any civil action upon the application of either party if "[t]he opposite party has an undue influence over the citizens of the county, or an odium attaches to the applicant or to the applicant's cause of action or defense, on account of local prejudice." Here, the trial court held a hearing on the matter on September 12, 2016, at which Mother's counsel argued to Judge Bowers that, due to Father's employment with the Elkhart County Prosecutor's Office, Father possessed influence in the county and in the judicial processes, as reflected by the letter she received from Hill, and consequently, Mother would be prevented from receiving a fair trial, and a change in venue was necessary. Mother was permitted on two subsequent occasions, October and December

2016, to present argument and testimony as an offer of proof regarding the matter.

[23] Based on the record before us, we find that Mother has presented no facts to show that Father's job as a deputy prosecutor for Elkhart County resulted in an undue influence of Judge Bowers or Magistrate Burton. Father was an employee of the Elkhart County Prosecutor's Office, but did not practice in Elkhart Superior #2 and did not work for Judge Bowers or Magistrate Burton. Mother does not point to any act or ruling at trial that was prejudicial to her. She has failed to meet her burden of proof to show that the trial court abused its discretion when it determined that she had not established the grounds under Indiana Code section 34-35-1-1 for a change of venue from the county. Accordingly, we find that the trial court did err when it denied her Verified Petition for Change of Venue from the county.

[24] Affirmed.

[25] Bailey, J., and Pyle, J., concur.